UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANCISCO MARTINEZ                          CIVIL ACTION

VERSUS                                      NO: 08-4093

ABDON CALLAIS OFFSHORE, LLC                 SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is the defendant's **Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 33)**. This motion, which is opposed, was set for hearing on May 27, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied.

**Background Facts**

This case arises from an injury allegedly sustained by the plaintiff on March 9, 2008 while employed as a deckhand by defendant Abdon Callais Offshore, LLC ("Abdon Callais"). In October 2007 the plaintiff applied for a job with Abdon Callais as a deckhand. As a part of the hiring process the plaintiff was required to complete a pre-employment entrance examination,

including a written questionnaire regarding his medical history, and had to undergo a physical examination. In response to the questions on the written questionnaire the plaintiff indicated that he had previously injured his knee but that his doctor had "ok me to back to work after the knee surgery." Ex. B, Rec. D. 33. The questionnaire, which the plaintiff signed, included an explicit warning that false answers might result in a denial of maintenance and cure benefits. The plaintiff was also physically examined by Dr. Woods of Blanchard Medical Providers in Galliano, Louisiana in connection with his employment application. The plaintiff was subsequently offered a job by Abdon Callais as a deckhand and later injured his right knee.

Previously, the plaintiff was employed by Calliou Island Towing ("Calliou"). On May 17, 2007 the plaintiff injured his right knee while working as a deckhand for Calliou. He was treated by Dr. Jonathan Shults for the knee injury and was diagnosed with tears of the medial and lateral menisci, chondromalacia of the medial femoral condyle, and medial plica. Dr. Shults performed surgery on the plaintiff in June 2007 and prescribed physical therapy following the knee surgery. In addition to the physical therapy at Physiofit, LLC, the plaintiff also met bi-weekly with Dr. Shults to evaluate his progress. On August 9, 2007 the plaintiff met with Dr. Shults, at which time the doctor concluded that the plaintiff's knee had not fully

healed and that work restrictions would have to remain in place limiting the plaintiff to working onshore.  Dr. Shults instructed the plaintiff to return for a follow-up visit in three weeks, however the plaintiff did not return to see Dr. Shults until April 2008.  In the meantime the plaintiff returned to work with Calliou as a deckhand offshore on August 15, 2007.  On or about September 27, 2007 the plaintiff quit his job with Calliou and subsequently applied for employment with Abdon Callais.

## The Parties' Arguments

The defendant has brought this motion seeking summary judgment on the plaintiff's maintenance and cure claims.  Abdon Callais argues that the plaintiff misrepresented his condition at the time he was seeking employment with the defendant as a deckhand because contrary to the plaintiff's representations on the employment questionnaire and at his physical examination, he had not been released by Dr. Shults to return to offshore work. The defendant contends that pursuant to the Fifth Circuit's McCorpen rule it does not have to pay the plaintiff maintenance and cure because: (1) he intentionally misrepresented or concealed the status of his discharge following the June 2007 right knee surgery; (2) the misrepresentations directly impacted Abdon Callais' decision to hire the plaintiff; and (3) there is a clear link between the plaintiff's pre-existing right knee injury

and the plaintiff's current right knee injury sustained in March 2008.

The plaintiff opposes this motion arguing that the defendant has waived its claimed defense to the maintenance and cure claims because it failed to affirmatively plead fraud or mistake and that issues of material fact preclude the granting of summary judgment at this time.  First, the plaintiff contends that Abdon Callais cannot now raise this defense to maintenance and cure because it did not plead the defense in its answer.  Pursuant to Federal Rules of Civil Procedure 8 and 9 the defendant did not plead fraud as an affirmative defense.  Second, the plaintiff asserts that there are material issue of fact regarding his alleged misrepresentations. The plaintiff argues that he has difficulty reading and comprehending English.  He has had difficulty communicating with doctors and has needed a translator at depositions and will need one at trial.  As a result of the language barrier, he had difficulty understanding that in August 2007 Dr. Shults only allowed him to return to onshore work.  The plaintiff suggests that this is part of the reason why his previous employer put him back to work offshore in August 2007. The plaintiff argues that because of his communication problems he could not have intentionally misrepresented or concealed his status.  Additionally, the plaintiff argues that by the time he was seeking employment with Abdon Callais he was fit for the job

4

of deckhand and had actually been released.  In connection with his hiring by the defendant, the plaintiff was examined by Dr. Wood of Blanchard Medical Providers on October 2, 2007.  Records from that examination show that Dr. Wood noted that the plaintiff was "Fit for hire, once release obtained from orthopaedic (surgeon) to return to work full duty."  Ex. F. to Pl.'s Affidavit, Ex. 2, Rec. D. 34.  The plaintiff also underwent a physical agility evaluation at the Work Able Center on October 2, 2007, which found that he was able to safely perform the tested tasks and was able to perform heavy work.  Ex. G. to Pl.'s Affidavit, Ex. 2, Rec. D. 34.  Dr. Shults has also testified that he had planned to see the plaintiff for a follow-up visit on September 11, 2007 and that at that time he would have released him to return to full duty work.  Ex. 4, Rec. D. 34.  The plaintiff then called Dr. Shults's office on October 10, 2007 and requested a release to return to full duty work.  Id.  The plaintiff spoke to a member of Dr. Shults's staff and informed that he was no longer employed by Calliou, was doing a preemployment exam for another company, and requested that he receive his full release from Dr. Shults.  Id.  The staff member then relayed the message to Dr. Shults who stated that he did not need to reexamine the plaintiff in order to give him a full release.  Id.  Dr. Shults testified in his deposition that he would have released the plaintiff to full duty on October 10,

2007 and probably would have released him in September. Id. However, the formal release from Dr. Shults did not occur until after the plaintiff returned to visit Dr. Shults in April 2008. As a result of this testimony and the physical examinations of the plaintiff by Abdon Callais's doctors, the plaintiff argues that summary judgment is not proper.

The defendant has filed a reply memorandum to argue that there has been no waiver of the defense asserted in this motion. The defendant did not plead this defense because at the time that it filed an answer there was no reason to suspect that the plaintiff had misrepresented his condition. The facts supporting this defense only came to light after a review of Dr. Shults's medical records and other discovery in this case. Since the defendant was unaware that it had this defense at the time the answer was due, there has been no waiver. The defendant also reiterates that the plaintiff's pattern of deception regarding his medical condition should entitle it to summary judgment.

## Discussion

As a preliminary matter, the plaintiff has argued that the defendant has waived the defense asserted in this motion as a result of not affirmatively pleading the defense in its answer. The defendant admits that the defense was not pleaded in its answer, but only because there was no indication at that time

6

that the plaintiff might have misrepresented his medical condition. This information only came to light during discovery in this case. Federal Rule of Civil Procedure 8(c) requires that affirmative defenses must be raised in the first responsive pleading. However, an affirmative defense might not be waived when it is not raised in the first responsive pleading. "Where the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983). "An affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" Pasco v. Knoblauch, No. 08-60242, 2009 WL 1119484, at *3 (5th Cir. Apr. 28, 2009)(citing Mackay, 695 F.2d at 856). This court has previously considered this issue in Kerr v. Smith Petroleum, 896 F.Supp. 602 (1995). In Kerr the plaintiff was injured on an offshore platform. Id. at 602. The plaintiff's complaint alleged that he was injured on a platform on the Outer Continental Shelf, however discovery revealed that the accident occurred in state waters. Id. at 604. After discovering this fact, the defendant moved for summary judgment raising for the first time the affirmative statutory employer defense. Id. The court determined that the plaintiff had not been prejudiced by this affirmative defense first being

raised on summary judgment and that the defendant had raised the defense in a "pragmatically sufficient time" since the facts supporting the defense developed during discovery. Id.

A similar result is necessary in the present case. The facts supporting the defendant's asserted affirmative defense did not come to light until the discovery phase of the case, after the defendant's answer had been filed. Additionally, in arguing that the defendant has waived this defense, the plaintiff has not claimed to have been prejudiced or unfairly surprised by the defense being raised in this motion for summary judgment. Since the defendant could not have raised this defense at the time of its answer and the plaintiff does not claim to have been prejudiced, the defendant has not waived its affirmative defense.

In regards to the defendant's motion asserting an affirmative defense to the plaintiff's maintenance and cure claim, summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Summary judgment cannot be granted at this time because there are issues of material fact that have not been resolved. Dr. Shults's deposition identifies that there is confusion as to whether the plaintiff was actually released to full work duty in September or October 2007. Dr. Shults testified that he wrote a formal release for the plaintiff in April 2008 when the plaintiff returned to him for an examination. Ex. 4, Rec. D. 34. However, Dr. Shults also testified that he had already released the plaintiff in 2007 and his records indicate that the plaintiff may have been told in 2007 that he was fully released. Id. Also, Abdon Callais argues that the plaintiff misrepresented his condition in his pre-employment physical examination. However, Dr. Woods' records from that examination note that the plaintiff was fit for the job but he still needed to obtain a full release from Dr. Shults. Ex. F. to Pl.'s Affidavit, Ex. 2, Rec. D. 34. In addition to these factual issues, the plaintiff has argued that his difficulty communicating in English caused him confusion regarding his medical status. This confusion raises an issue as to whether the plaintiff intentionally misrepresented or concealed his medical status. As a result, summary judgment is not proper at this time. Accordingly,

**IT IS ORDERED** that the defendant's **Motion for Partial Summary Judgment on Maintenance and Cure (Rec. Doc. 33)** is hereby **DENIED.**

New Orleans, Louisiana, this 10th day of June, 2009.

                                                     _____
                                                     CARL J. BARBIER
                                                     UNITED STATES DISTRICT JUDGE